IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ZOILA ROSALVA DAVILA and § | | |
| RAIJAM MEDEROS, § | | |
| § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. |
| § | | SA-5:17-CV-00902-OLG |
| CARRILLO'S CLEANING SERVICES § | | |
| and ROGELIO CARRILLO, § | | |
| Defendants. § | | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' PARTIAL MOTION TO DISMISS**

Plaintiffs' Second Amended Complaint alleges facts sufficient to state a claim of retaliation under the standards laid out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and *Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006). Defendant Rogelio Carrillo's threatened lawsuit falls squarely within the type of conduct that the Fair Labor Standards Act's ("FLSA") anti-retaliation provision is designed to prevent in order to ensure that employees have "unfettered access to statutory remedial mechanisms." *Burlington N.*, 548 U.S. at 64 (citations and internal quotation marks omitted). Defendants' Partial Motion to Dismiss should be denied because it ignores *Burlington Northern* and the substantial case law that makes clear a threat to file a lawsuit is an "adverse employment action" in the FLSA retaliation context.

I.   BACKGROUND AND FACTS

As alleged in Plaintiffs' Second Amended Complaint (DE 24), Plaintiff Zoila Rosalva Davila ("Ms. Davila") was hired by Defendants in November of 2015 as a construction cleaning worker. After her employment for Defendants ended, Ms. Davila filed a complaint with the U.S. Department of Labor ("DOL") alleging that Defendants routinely underpaid her and her

coworkers in violation of the FLSA. Defendant Carrillo then threatened Ms. Davila by sending her a copy of an already-drafted but unfiled lawsuit against her alleging defamation, business disparagement, and intentional infliction of emotional distress, specifically citing Ms. Davila's DOL complaint as the impetus for those claims. (DE 24-1.)

After being threatened by Defendant Carrillo, Ms. Davila filed the instant suit, alleging, *inter alia*, that Defendant Carrillo violated the anti-retaliation provisions of the FLSA, 29 U.S.C. § 215(a)(3), by threatening to sue her. Plaintiffs' Second Amended Complaint alleges that Defendant Carrillo's threatened lawsuit constitutes an adverse employment action against Ms. Davila because it "would dissuade a reasonable employee from making a charge of FLSA violations against Defendant." (DE 24 ¶ 76, at 12.)

Defendants' Partial Motion to Dismiss (DE 26 ¶ 9, at 5) seeks to dismiss Ms. Davila's retaliation claim, arguing that the threat of a lawsuit cannot provide the factual basis for a FLSA retaliation claim if the lawsuit is not actually filed. On the contrary, the law is clear that a threatened lawsuit need not be filed to constitute unlawful retaliation in violation of the FLSA. For this reason, and because Plaintiffs' well-pleaded Second Amended Complaint states a claim for retaliation under the FLSA, the Court should deny Defendants' motion.

## II.     STANDARD OF REVIEW

"Motions to dismiss under Rule 12(b)(6) 'are viewed with disfavor and are rarely granted.'" *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citation omitted). When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must liberally construe the complaint in favor of the plaintiff. *Colony Ins. Co. v. Peachtree Const., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011). Although Federal Rule of Civil Procedure 8 mandates only that a pleading contain a "short and plain statement of the claim showing that the

pleader is entitled to relief," this standard demands more than unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). Rather, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

### III.   ARGUMENT AND AUTHORITIES

**A. Defendant Carrillo's threatened lawsuit is an adverse employment action under the *McDonnell Douglas* and *Burlington Northern* frameworks.**

Supreme Court precedent and the case law construing it make clear that the FLSA's anti-retaliation provisions prohibit both unfulfilled and fulfilled threats, including threats to sue. Retaliation claims under the FLSA are subject to the *McDonnell Douglas* analytical framework imported from Title VII employment discrimination claims. *Kanida v. Gulf Coast Med. Pers. LP*, 363 F.3d 568, 577 (5th Cir. 2004). To establish a *prima facie* case of FLSA retaliation, a plaintiff must establish that: (1) she participated in an activity protected under the FLSA; (2) she was subjected to an adverse employment action; and (3) a causal connection exists between the protected activity and the adverse employment action. *See Starnes v. Wallace*, 849 F.3d 627, 631–32 (5th Cir. 2017); *McCoy v. City of Shreveport*, 492 F.3d 551, 557 (5th Cir. 2007).[1] Defendants' motion to dismiss challenges only the second element of the *prima facie*

---

[1] The anti-retaliation provisions of the FLSA, Title VII, the ADA, and the ADEA have all been considered under the same framework, and thus cases interpreting one statute are frequently relied upon in interpreting the others. *See, e.g.*, *Shirley v. Chrysler First, Inc.*, 970 F.2d 39, 42 (5th Cir. 1992) (applying same standard to ADEA and Title VII cases); *Tabatchnik v. Cont'l Airlines*, No. 07-20067, 2008 U.S. App. LEXIS 2051, at *6 (5th Cir. Jan. 30, 2008) (applying same standard to ADA case).

case, in effect arguing—admittedly without authority—that a threatened lawsuit is, as a matter of law, not an adverse employment action. (DE 26 ¶ 9, at 5.)

In deciding whether an action is an adverse employment action for the purpose of FLSA retaliation, a court must determine whether "a reasonable employee would have found the challenged action materially adverse," which "means it well might have dissuaded a reasonable worker" from engaging in protected activity under the FLSA. *Burlington N.*, 548 U.S. at 68 (citations and internal quotation marks omitted); *see also Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 945–46 (5th Cir. 2015) (discussing the *Burlington Northern* "materially adverse" standard in the context of an FLSA retaliation claim). This is an objective standard—the inquiry hinges on whether an average employee in similarly situated circumstances might be dissuaded by the alleged retaliation. *Burlington N.,* 548 U.S. at 68. At the 12(b)(6) stage, "a plaintiff asserting a retaliation claim under the FLSA need only allege that his employer retaliated against him by engaging in an action 'that would have been materially adverse to a reasonable employee' because the 'employer's actions . . . could well dissuade a reasonable worker from making or supporting' a claim under the FLSA." *Darveau v. Detecon, Inc.*, 515 F.3d 334, 343 (4th Cir. 2008) (quoting *Burlington N.*, 548 U.S. at 57).

Threatened legal action constitutes an adverse employment action in the employment retaliation context. Though Defendants claim they cannot find any cases so holding, at least one court construing *Burlington Northern* has held that threatened litigation can constitute an adverse employment action in violation of the FLSA. *See Brach v. Conflict Kinetics Corp.*, 221 F. Supp. 3d 743, 753–54 (E.D. Va. 2016) (denying 12(b)(6) motion where plaintiff alleged that former employer threatened a lawsuit by text in response to plaintiff's FLSA lawsuit); *see also Walsh v.*

*Irvin Stern's Costumes*, No. 05-2515, 2006 WL 2380379, at *2 (E.D. Pa. Aug. 15, 2006) (finding that an unfulfilled threat to seek criminal charges against a plaintiff if she did not drop her Title VII lawsuit constituted an adverse employment action and holding that "[a] fair reading of *Burlington Northern* reveals that the case imposes no requirement that a threat be fulfilled"); *Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 223 (2d Cir. 2001) (holding that summary judgment was inappropriate on ADA retaliation claim where employer responded to an accommodation request by accusing employee of slander and stating that "if you continue this behavior, we will have no choice but to address your behavior through legal channels," but did not follow through on threat to sue); *NLRB v. U.S. Postal Serv.*, 526 F.3d 729 (11th Cir. 2008) (construing anti-retaliation provision of the National Labor Relations Act ("NLRA") to prohibit unrealized threat of a lawsuit).

The Fifth Circuit and other federal courts have likewise regularly found that other types of unfulfilled threats constitute adverse employment action where they would dissuade a reasonable worker from engaging in protected activity. *See, e.g.*, *Donaldson v. CDB Inc.*, 335 F. App'x 494, 507 (5th Cir. 2009) (plaintiff implicitly threatened with criminal charges by employer's mention of cash register shortages during meeting); *Fallon v. Potter*, 277 F. App'x 422, 428 (5th Cir. 2008) (employer threatened to fire coworkers who participated in proceeding, commanded plaintiff to cancel her complaint, and threatened plaintiff by telling her "I'll show you what you're up against"); *Jumbo v. Dolgencorp of Tex. Inc.*, No. 4:15-CV-1451, 2017 WL 4475932, at *11 (S.D. Tex. Sept. 30, 2017) (threat of termination); *Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 743 F.3d 11, 26 (2d Cir. 2014) (same); *Maron v. Va. Polytechnic Inst. & State Univ.*, 508 F. App'x 226, 230–31 (4th Cir. 2013) (same); *Aponte v. Modern Furniture Mfg. Co., LLC*, No. 14-CV-4813 (ADS) (AKT), 2016 WL 5372799, at *18 (E.D.N.Y. 2016) (threat to

report employee and his son to immigration authorities); *Moore v. City of Philadelphia*, 461 F.3d 331, 347 (3d Cir. 2006) (threat to "kick [plaintiff's] ass").[2] As one district court put it:

> [I]f [the employer's] argument—that threats of retaliation are not actionable—is correct, then [plaintiff] would have to wait until an employer actually retaliates before invoking the protections of [the ADEA's anti-retaliation provision]. Where the *threatened* retaliation is clearly illegal, *where it chills the redress of legal rights*, however, such a conclusion can only be described as absurd.

*Massachusetts v. Bull HN Info. Sys., Inc.*, 16 F. Supp. 2d 90, 108–09 (D. Mass. 1998) (emphasis added) (threat to seek the return of severance payments and indemnification was adverse employment action). Put differently, under *Burlington Northern*, "whether an action is 'materially adverse' is determined by whether it holds a deterrent prospect of harm, and not by whether the harm comes to pass or whether any effects are felt in the present." *Rattigan*, 604 F. Supp. 2d at 52 (D.D.C. 2009) (citing *Burlington Northern)*. The case law thus clearly rejects Defendants' argument that an employer is free to threaten a lawsuit in order to chill an employee's exercise of her rights under the FLSA, so long as it do not actually carry out that threat.

### B. The Supreme Court has made clear that anti-retaliation provisions must be construed broadly in order to effectuate their purposes.

As the Supreme Court noted in *Burlington Northern*, anti-retaliation provisions in employment cases must be construed broadly in order to "fully achieve [their] 'primary purpose,' namely, '[m]aintaining unfettered access to statutory remedial mechanisms.'" *Burlington N.*, 548

---

[2] *See also Bartolon-Perez v. Island Granite & Stone, Inc.*, 108 F. Supp. 3d 1335, 1338–39 (S.D. Fla. 2015) (threat to report employee to immigration authorities); *Perez v. Jasper Trading, Inc.*, No. 05 CV 1725 (ILG) (VVP), 2007 WL 4441062, at *3 (E.D.N.Y. Dec. 17, 2007) (same); *Guohua Liu v. Elegance Rest. Furniture Corp.*, No. 15-CV-5787-RRMSMG, 2017 WL 4339476, at *4 (E.D.N.Y. Sept. 25, 2017) (same); *Paschal v. District of Columbia*, 65 F. Supp. 3d 172, 178–80 (D.D.C. 2014) (negative performance review and placement on performance improvement plan, threat of demotion, threat of termination); *Rattigan v. Holder*, 604 F. Supp. 2d 33, 52–54 (D.D.C. 2009) (formal disciplinary investigation which threatened plaintiff's career); *Billings v. Town of Grafton*, 515 F.3d 39, 54–55 (1st Cir. 2008) (disciplinary investigation); *Laster v. City of Kalamazoo*, 746 F.3d 714, 732 (6th Cir. 2014) (adverse employment action existed where plaintiff resigned rather than face threat of termination when confronted with unfounded allegations of wrongdoing).

U.S. at 64 (citations omitted); *see also Mitchell v. Robert DeMario Jewelry*, Inc., 361 U.S. 288, 292 (1960) ("Plainly, effective enforcement could thus only be expected if employees felt free to approach officials with their grievances. . . . By the proscription of retaliatory acts set forth in [FLSA] s 15(a)(3) . . . Congress sought to foster a climate in which compliance with the substantive provisions of the Act would be enhanced."). In holding that anti-retaliation provisions should be broadly construed, *Burlington Northern* signaled that its decision was in line with its broad interpretation of anti-retaliation provisions in other statutes, including the NLRA.[3] Threats to take legal action are effective precisely because of their *in terrorem* effect on potential claimants and their ability to deter a reasonable employee from pursuing her claims, and *Burlington Northern* made clear that anti-retaliation provisions should be construed to include this type of effective retaliation. Were the FLSA's anti-retaliation provision as narrow as Defendants contend, it would fail to meet the statute's goal of "[deterring] the many forms that effective retaliation can take." *Burlington N.*, 548 U.S. at 64.

## IV.   CONCLUSION

Because Plaintiffs have met the applicable pleading standards, Plaintiffs respectfully request that the Court deny Defendants' Partial Motion to Dismiss. Indeed, the threadbare nature of Defendants' motion is illustrated by the fact the *entirety* of their argument is reducible to one sentence: Defendants can "find[] no case holding that any unfiled, threatened lawsuit can provide the factual basis for an FSLA [*sic*] retaliation claim."[4] (DE 26 ¶ 9, at 5.) This is wholly

---

[3] *See Bill Johnson's Rests., Inc. v. NLRB*, 461 U.S. 731, 740 (1983) (construing NLRA's anti-retaliation provision to "prohibi[t] a wide variety of employer conduct that is intended to restrain, or that has the likely effect of restraining, employees in the exercise of protected activities," including the retaliatory filing of a lawsuit against an employee); *NLRB v. Scrivener,* 405 U.S. 117, 121–22 (1972) (holding that the purpose of the NLRA anti-retaliation provision is to ensure that employees are "completely free from coercion against reporting" unlawful practices) (citation and internal quotation marks omitted).

[4] The cases Defendants cite in their motion (DE 26 ¶¶ 7-8) illustrate only that a filed lawsuit is an *example* of retaliation actionable under the FLSA; they do not stand for the proposition that a threatened lawsuit must be filed to constitute an adverse employment action.

insufficient to support a motion to dismiss. In the alternative, Plaintiffs request that the Court grant them leave to file a Third Amended Complaint to address any pleading deficiencies.

          Respectfully submitted,

          TEXAS RIOGRANDE LEGAL AID, INC.

By:   */s/ Dave Mauch*
       Dave Mauch
       Texas Bar No. 24086837
       dmauch@trla.org
       TEXAS RIOGRANDE LEGAL AID, INC.
       6502 Nursery Dr., Ste. 302
       Victoria, Texas 77904
       Tel.: (361) 237-1681
       Fax: (361) 576-1633

       */s/ Sarah E. Donaldson*
       Sarah E. Donaldson
       Texas Bar No. 24065158
       sdonaldson@trla.org
       TEXAS RIOGRANDE LEGAL AID, INC.
       1111 N. Main Ave.
       San Antonio, Texas 78212
       Tel.: (210) 212-3704
       Fax: (210) 227-4321

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I, Dave Mauch, hereby certify that on the 22nd day of December, 2017, a true and correct copy of the foregoing document was served on the following via the ECF notice system:

   David V. Jones (david.jones@akerman.com)
   ATTORNEYS FOR DEFENDANTS

          */s/ Dave Mauch*
          Dave Mauch